**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Allan Lewis


    v.                               Civ. No. 26-cv-239-JL-AJ

Gordon J. MacDonald
Chief Justice of the
NH Supreme Court


**REPORT AND RECOMMENDATION**

Self-represented plaintiff Allan Lewis has sued New Hampshire Supreme Court Chief Justice Gordon MacDonald. See Compl. (Doc. No. 1). The complaint is before the undersigned Magistrate Judge for preliminary review, pursuant to LR 4.3(d)(3), to determine whether it properly invokes the subject matter jurisdiction of the Court. See also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the case.").

**Preliminary Review Standard**

The court conducts a preliminary review of complaints filed by pro se litigants who have paid the filing fee to determine whether the complaint properly invokes the Court's subject matter jurisdiction. See LR 4.3(d)(2); Fe3d. R. Civ. P. 12(h)(3). In conducting this review, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94

(2007) (per curiam). The court also accepts as true all well-pled factual allegations in a plaintiff's complaint and indulges all reasonable inferences in plaintiff's favor. Katz v. Pershing, LLC, 672 F.3d 64, 70 (1st Cir. 2012). The Court may dismiss claims, sua sponte, if it finds that it does not have subject matter jurisdiction over the claims. See LR 4.3(d)(2); Cebollero-Bertran v. P.R. Aqueduct & Sewer Auth., 4 F.4th 63, 71 (1st Cir. 2021).

### Factual Background

Mr. Lewis's complaint stems from adverse results in two declaratory judgment cases in Strafford County (N.H.) Superior Court: Lewis v. Briar Ridge Estates, No. 219-2020-CV-00065 (filed Feb. 10, 2020) ("the 2020 case"); Lewis v. NBV-Brier Ridge LLC, No. 219-2024-CV-0067 (filed Feb. 20, 2024) ("the 2024 case"). In both cases, Mr. Lewis sued the owners or operators of a mobile home park, from which he claimed to have been illegally evicted. Mr. Lewis was unsuccessful in both cases, and the New Hampshire Supreme Court affirmed both adverse decisions.  See Lewis v. Briar Ridge Estates, Case. No. 2021-0514 (N.H. Sept. 16, 2022); Lewis v. NBV-Briar Ridge, LLC, Case No. 2025-0138 (N.H. July 17, 2025).

The gist of Mr. Lewis's present complaint is that Chief Justice MacDonald failed to enforce New Hampshire law which, he asserts, should have prevented landlord-tenant issues from being heard in

2

Superior Court.[1] See, e.g., Compl. (Doc. No. 1) at 6 ("The Complaint alleges that Chief Justice MacDonald . . . can be held liable for the Damages that were caused as a Direct Result of his Negligence in Not ensuring that the Judicial Process from the Superior Court Division Complies with the Rule of Law.") (capitalization in original). He seeks $1 million in damages, a finding that Chief Justice MacDonald was "negligent in his . . . duty to ensure the integrity to the rules of the Superior Court . . ."[,] and a finding that the case must be remanded to the Rochester District Court Landlord/Tenant Division . . . ." Id. at 11.

**Discussion**

A. Rooker-Feldman Doctrine[2]

The allegations in Mr. Lewis's complaint bring this case squarely within the scope of the Rooker-Feldman doctrine. "The Rooker-Feldman doctrine preserves the [United States] Supreme Court's exclusive jurisdiction over appeals from final state-court judgments by divesting lower federal courts of jurisdiction to hear certain cases brought by parties who have lost in state court[.]" Klimowicz v. Deutsche Bank Nat'l Trust

---

[1] The court recently provided a more complete description of the underlying dispute in a Report and Recommendation issued in a different lawsuit Mr. Lewis brought in this court. See Lewis v. N.H. Superior Court Chief Justice, Civ. No. 25-cv-9-LM-AJ, (D.N.H. Report and Recommendation issued Apr. 27, 2026).

[2] The Rooker-Feldman doctrine takes its name from two Supreme Court cases: Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923) and D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

Co., 907 F.3d 61, 64 (1st Cir. 2018) (internal quotations and citations omitted). The doctrine applies "where 'the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'" Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 23-24 (1st Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)). Thus, "if federal litigation is initiated *after* state proceedings have ended, and the plaintiff implicitly or explicitly seek[s] review and rejection of [the state] judgment, then a federal suit seeking an opposite result is an impermissible attempt to appeal the state judgment to the lower federal courts, and, under *Rooker-Feldman*, the federal courts lack jurisdiction." Id. at 24 (emphasis and alterations in original) (internal quotations and citation omitted).

Mr. Lewis explicitly and indisputably seeks to "review and reject" the state court judgments described above. In addition, this case was commenced on March 30, 2026, well after the conclusion of the state court cases. Accordingly, Mr. Lewis's exclusive path to relief from the New Hampshire Supreme Court's rulings was an appeal to the United States Supreme Court. Therefore, this court lacks subject matter jurisdiction over the claims asserted against Chief Justice MacDonald.

4

## Conclusion

Based on the foregoing, the district judge should dismiss this case because the court lacks subject matter jurisdiction over Mr. Lewis's claims.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court." Id. (cleaned up). Additionally, any issues "not preserved by such objection are precluded on appeal." Id.


SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

May 6, 2026

cc:  Allan Lewis, pro se